Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

FILED

| | |
|---|---|
| Alexis DellaRoccoX  )<br>)<br>)<br>_____ )<br>*Plaintiff(s)* )<br>*(Write the full name of each plaintiff who is filing this complaint.* )<br>*If the names of all the plaintiffs cannot fit in the space above,* )<br>*please write "see attached" in the space and attach an additional* )<br>*page with the full list of names.)* )<br>-v- )<br>)<br>Emmanuel College, Francis Okaroh, Mary Boyd )<br>Ph.D., Jennifer Forry Ph.D., Scott Lerner, Josef Krutz )<br>Ph.D., Billy Levitski )<br>)<br>_____ )<br>*Defendant(s)* )<br>*(Write the full name of each defendant who is being sued. If the* )<br>*names of all the defendants cannot fit in the space above, please* )<br>*write "see attached" in the space and attach an additional page* )<br>*with the full list of names.)* ) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.    The Parties to This Complaint**

   **A.    The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Alexis DellaRocco |
   | Street Address | 188 Brookline Ave. Apt 21A |
   | City and County | Boston |
   | State and Zip Code | MA |
   | Telephone Number | (860)960-1499 |
   | E-mail Address | cdellarocco@gmail.com |

   **B.    The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Emmanuel College |
| Job or Title *(if known)* | |
| Street Address | 400 The Fenway |
| City and County | Boston |
| State and Zip Code | MA, 02115 |
| Telephone Number | (617)735-9715 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Francis Okaroh (both personally and professionally) |
| Job or Title *(if known)* | Women's Soccer Head Coach |
| Street Address | 400 The Fenway |
| City and County | Boston |
| State and Zip Code | MA 02115 |
| Telephone Number | (617)735-9715 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Mary Boyd Ph.D. (both personally and professionally) |
| Job or Title *(if known)* | President |
| Street Address | 400 The Fenway |
| City and County | Boston |
| State and Zip Code | MA 02115 |
| Telephone Number | (617)735-9715 |
| E-mail Address *(if known)* | Emmanuel College |

Defendant No. 4

| | |
|---|---|
| Name | Jennifer Forry Ph.D. (both personally and professionally) |
| Job or Title *(if known)* | Dean of Students/Chief Student Affairs Officer |
| Street Address | 400 THe Fenway |
| City and County | Boston |
| State and Zip Code | MA 02115 |
| Telephone Number | (617)735-9715 |
| E-mail Address *(if known)* | forryj@emmanuel.edu |

5. Defendant Jennifer Forry, Ph. D. is a citizen of Massachusetts whose address is 400 The Fenway Boston, MA 02115.

6. Defendant Scott Lerner is a citizen of Massachusetts whose address is 400 The Fenway Boston, MA 02115.

7. Defendant Josef M. Kurtz, Ph. D. of Massachuesetts whose address is 400 The Fenway Boston, MA 02115.

8. Defendant Wendy Labron of Massachusetts whose address is 400 The Fenway Boston, MA 02115

9. Defendant Marc Traney of Massachusetts whose address is 400 The Fenway Boston, MA 02115

10. Defendant Olivia Berry of Massachusetts whose address is 400 The Fenway Boston, MA 02115

11. Defendant Erin Noonan of Massachusetts who address is 400 The Fenway Boston, MA 02115

12. Defendant Brendan McWilliams of Massachusetts who address is 400 The Fenway Boston, MA, 02115

13. Defendant Dr. Josef Kurtz of Massachusetts who address is 400 The Fenway Boston, MA 02115

14. Defendant Emmanuel College of Massachusetts who address is 400 The Fenway Boston, MA 02115

*I would like to acknowledge that I am looking to sue each party personally and professionally.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Section 504 of the Rehabilitation Act of 1973

Retaliation Section 504 of the Rehabilitation Act of 1973

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* Alexis DellaRocco, is a citizen of the State of *(name)* Massachusetts.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* MA, 02115, and has its principal place of business in the State of *(name)* _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* See attached. Or is a citizen of *(foreign nation)* _____

    b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
**Please see attached**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensatory Damages $240,500.00. College tuition and room and board as well as warm up uniforms and goal keeper gear.

Punitive damages
$10,000,000.00 pain and suffering as well as retaliation/bullying

1. I, Alexis DellaRocco, was recruited by Emmanuel Women's Soccer as a goal keeper during the summer of 2019 and I committed to play and attend Emmanuel College in the fall for 2020. Due to the covid pandemic the 2020 season was cancelled. In the Fall of 2021, Emmanuel College Women's Soccer Team had hired a new coach, Francis Okaroh. Coach Okaroh, slotted me as the starting goal keeper for the Emmauel College Woman's Soccer Team. Out of the 1710 game hours played by the Emmauel College Women's Soccer Team, I played over 1455 hours as their goal keeper. I started 16 games out of the 19 that we played. During all of the time I was experiencing excruciating left knee pain. I was working with the Emmanuel College's sports trainer who noticed a large lump behind my knee. She continuously worked on the lump thinking it was tight muscle but at the same time she attempted to get me in to have an MRI. My parents insurance kepted denying the procedure. The trainer, spoke with Coach Okaroh, explaining to him about the issues with my left knee. During this time, my knee pain hindered me from kicking a stationary soccer ball with power and for long distance. Because of this, the stationary kicks were done by other players. My punts were exceptional, my coverage of the mouth of the goal was great, and my speed and agility was above average. In week 2 of the season I was named Goalie of the Week by GNAC and I was named to GNAC Academic All-Conference Team. In late August of 2022, I explained to Coach Okaroh that I was going to the doctor's office in Connecticut where he was going to explain the results of the MRI. This was a day after the start of pre-season but I was determined to get back onto the pitch. I was diagnosed with a large Desmoid tumor behind my left knee. I was told that tumor is benign but that it was very large and a few options were presented to me. One being that I could receive an operation to take the tumor out, which could take me out of the upcoming season. My doctor was aware of my interest to play soccer for my college so he cleared me to play. I immediately informed Coach Okaroh that I will be at practise the following morning. Playing soccer was the only outlet I had and my identity was soccer. Division III teams under NCAA are no limited on the amount of players on school can have unlike Division I and II teams are. I was aware that there were three freshmen who along with me were vying for the starting goal keeper slot. Coach Okaroh implemented preseason tests and informed each player that they are required to participate in the tests. I was the only goal keeper that completed each and every test required, even after being a day late for preseason practices. On the evening of August 21, 2022, Coach Okaroh, called me into his office and in very rude and aggressive way, informed me that I was cut from the team. He told that me that it was because of my knee that he cut me and the fact that I could be out during the season getting an operation. I was devistated. Coach Okaroh and Billy Levinsky (Assistant/Goal Keeper Coach), cut me from the team because of my disability. The only thing that had changed from the year prior was that the injury to my knee was diagnosed.
2. Having read the Emmanuel College Student Handbook my father, Charles DellaRocco, filed a grievance with the college as per their policy citing Section 504 under the Rehabilitation Act of 1973. As per the policy, a grievance is to filed within thirty (30) days, and that the grievance is to be filed with, and investigated by, the Assistant Dean of Academic Resources. My father filed the original complaint, which he can do under

the policy as well, with Wendy Labron Assistant Dean of Academic Resources. He included the Dean of Academic Resources Krista Aslanian as well as the President of the College Dr. Mary Boyd. Dean of Students, Jennifer Forry replied to my dad's emailed complaint the following day acknowledging that they have received it.

On or about September 13, 2022, during the time that I believed the complaint was being investigated, I was confronted in class by a player who brought me my warm up uniforms that I had purchased. I was emotionally drained by this time and became very upset wanting to leave the college and never return. Why wouldn't the coaches or Athletic Director do this? Why was this done in front of my peers interrupting a class that I was participating in? This was on ly the beginning of the retaliatory behavior.

I was advised that Marc Traney, Interim Athletic Director, was going to me with about what transpired with the uniforms, how I will be reimbursed for them, and possibly other ways that I can continue to be part of the Athletic Programs on campus. This meeting was an attempt for the college to brush my issues aside and attempt to make me feel like the college was supporting me. They never made arrangements to reimburse me and I am still out the money I spent for the warm-up uniforms and backpack.

On September 19, 2022, I had a meeting with HR Director Scott Lerner and Assistant Atlethic Director Olivia Berry. In this meeting, Mr. Lerner advised me in a very rude and condesending way that he conducted the investigation and found that there was no violation. He never spoke with anyone from my side, had no records of conversations and didn't supply me with an investigation report. This was the worse news I could get. I felt that my claim was not being taken seriously. How can there not be any report? How could I have not been spoken to about the situation as well as my father who talked with Coach Okaroh. My father was training someone, Jeremy DePietro, who wrote a sworn statement recounting the conversation Coach Okaroh had with my father and how he told him he cut me from the team because of knee? Mr. Lerner presented me with the news like a bully does on a playground. He did it hurtfully and I think he enjoyed it.

On September 20, 2022, my parents Marjorie and Charles, had a phone conversation at 4:00 pm with Dr. Jennifer Forry, Scott Lerner and Assistant HR Director Erin Noonan. It was during this call that my father pointed out that Emmanuel College is not following their own grievance policy as it pertains to violations of Section 504 of the Rehabilitation Act of 1973. HR should not be involved in this investigation unless facts rising out of the disability investigation violates policy as it pertains to employment. My father, being a police officer, advised everyone in the meeting that by them doing this they have compromised the investigation. This is another way the college attempted to cover up violations of my civil rights and essentially retaliating against me for making a complaint in the first place.

On September 23, 2022, Erin Noonan emailed my father stating that after reading their own policy and that they are aware that it allows me an opportunity to give them any

supporting documentation. On September 27, 2022, my father supplied Emmanuel College with a sworn statement from Jeremy DePietro explaining Coach Okaroh's reasons for cutting me.

On October 6, 2022, Erin Noonan, emailed stating that the investigation was complete and she attached the investigative report, as per the policy. The report was completed by Scott Lerner and Director of Athletics Brendan McWilliams. The grievance policy clearly states who is to conduct the investigation in matters like this. Neither the Director of Athletics nor the HR Director are to be involved. By not correctly following their own policy Emmanuel College and their agents are retaliating against me by not correctly investigating the claims before them.

An appeal was filed with the Emmanuel College on October 21, 2022.

On November 11, 2022, Dr. Josef Kurtz denied the appeal and upheld Emmanuel College's assessment of the situation. Dr. Kurtz, not acknowledging my disability, is a slap in the face and again very disrespectful and unprofessional. Dr. Kurtz's final statement of his appeal is moronic and uneducated. It states the following;

> "The suggestion that Alexis should have received the "reasonable ccommodation" of not kicking goal kicks is without merit. Even assuming that she is "disabled", it is self-evident that kicking the soccer ball is a key if not the most important athletic skill in soccer, and it is not reasonable to excuse her from this important function. The fact is that those upperclass players who made the roster can perform this essential skill, and therefore were more qualified than Alexis."

A goal kick is a restart of play when the opposing team kicks the ball over the end line. There is no rule that states that a goal keeper is to kick this time of restart and many players on the team would have trouble doing so. The year prior I was given this accommodation by having a few players on our defence who have a stronger leg to do so.

Dr. Kurtz refuses to address the fact that the "investigation" was not conducted in the manner that is described in Emmanuel College's Disabilities Support Services Grievance Policy. This in and of itself should have supported the findings that the investigation was flawed and I should be made whole. Again, this was another way for the College to retaliate against me by throwing insults and misinformation at me while failing to recognize my accomplishments.

4. Defendant Mary Boyd, Ph. D. is a citizen of Massachusetts whose address is 400 The Fenway Boston MA 02115

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/1/24

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Alexis DellaRocco

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____